No. 774

First Circuit

———

HOLDEN v. FRED BRENNER LUMBER CO., INC., ET AL.

———

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Refused.)

———

Bouanchaud, Kearney & Bouanchaud, of Baton Rouge, attorneys for plaintiff, appellant.

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for defendants, appellees.

ELLIOTT, J. A motortruck belonging to and while being driven by A. M. Holden was badly damaged in a collision with an automobile belonging to Fred Brenner Lumber Company, Inc., while being driven by J. T. Summers, its general manager, on the business of the party by whom he was employed.

Holden alleges damages to his truck to the extent of $817.13, and that his brother, Carl Roy Holden, riding with him as helper, was injured, necessitating an expenditure of $11 on that account.

He alleges that the collision was due entirely to the negligence and fault of the driver of the automobile belonging to Fred Brenner Lumber Company, Inc. He claims damages from Fred Brenner Lumber Company, Inc., and J. T. Summers in solido in the sum of $828.13.

The defendants for answer deny the fault and negligence alleged against them. They allege that they were in no way at fault nor negligent in the matter, but that, if the court finds that they were, the plaintiff was also negligent and at fault, that his negligence directly contributed to and brought about the collision, and that he cannot recover from them on that account. They claim of him in reconvention the sum of $63 on account of damages sustained in the collision by the car driven by Summers.

The lower court, giving as reasons that neither plaintiff nor defendant had made out a reasonably clear case, rejected the demand of each and condemned the plaintiff to pay the cost. The plaintiff has appealed.

The defendants, in answering the appeal, pray that the judgment rejecting plaintiff's demand be affirmed and that their demand in reconvention be allowed.

The plaintiff testifies and is supported in his testimony by his brother, Carl Roy Holden, that he was driving on the Jefferson highway about 6 o'clock a. m., or about a quarter of 6, at about 12 miles an hour; that it was dark, with a mist and fog hanging over the road; that he was on his right side of the road going west, and had just passed out of a curve, when he was struck by defendant's automobile going east, being driven by defendant Summers on the wrong side of the road; that he examined the tracks made by his truck and those made by defendant's automobile 10 or 15 minutes afterwards, and that the tracks showed that his truck was at the time on the right side of the road going west, and that defendant's automobile was on the wrong side going east. He further testifies that the lights on his truck were at the time showing bright; that he saw defendant's automobile about 50 or 75 feet ahead coming, before they struck; that when he saw it he pulled to the right and did all in his power to avoid a collision, but that defendant's automobile came on and hit him, damaging his truck to the extent stated.

The only witnesses to the accident were the plaintiff, his brother, and Summers, the driver of defendant's automobile.

Plaintiff's truck was about 25 feet long, had on it a large body which stood up high about it and was carrying a load of about 1½ tons. The testimony of the plaintiff as to the position of his truck on the road is supported by his brother, Carl Roy Holden, also by the testimony of Graves, a witness Deloach, and by a highway of-

ficer named David. According to the witness Graves, the tracks of the truck showed that it skidded anglingly about 20 feet after the collision, crossing to the opposite side of the road, going on still further until it turned over in the ditch; that the tracks of the automobile showed that it had also skidded a short distance. On account of the distance the truck went after the collision, it must have been going faster than the plaintiff claims, but just how fast, we are unable to form any definite idea. After the collision the truck and the automobile were about 100 feet apart, and apparently each went about the same distance after the collision before stopping.

Mr. Summers, defendant's driver, testifies that he was driving at the time on the right side of the road going east, making about 20 miles an hour, but in another place he says possibly 30; that it was dark, the weather foggy, and he did not see the truck, although it had a very bulky body, until he was within about 15 feet of it; that his inability to see the truck sooner was due to atmospheric conditions and to the fact that the truck came suddenly out of a sharp curve in the road; that it was being driven by the plaintiff on the inside of the curve, which was the wrong side for the truck; that, after seeing it, he was so close to it that he was unable to stop; that the collision was unavoidable on his part.

A witness named Gauthier, who came to the place soon after the accident, testifies that the tracks showed that the defendant Summers was at the time of the collision on the right side, in the direction he was going, and that the truck was at the same time on the wrong side in the direction it was going; that there was a sharp curve in the road, and that the tracks of the truck showed that it was being driven on the inside of the curve, which was the wrong side for it to be on; that, as it came out of the curve, and headed anglingly across the road, which would have put it on the side of the road on which it belonged to be, the collision took place; that the tracks of the automobile showed that it was on the right side of the road, in the direction it was going, at the moment of the impact.

Another witness named Shows testifies substantially as did Gauthier.

Two other witnesses testified in the case. Their testimony is to some extent favorable to the idea that the tracks of the truck indicated that at the time of the collision it was going out of the inside of the curve and was on the wrong side of the road; but their testimony is indefinite, and, standing alone, would not justify any positive conclusion on the subject.

Taking the testimony as a whole, we agree with the lower court that the evidence does not show with reasonable certainty which party, the plaintiff Holden or the defendant Summers, was at fault for the collision. The evidence is conflicting, and the issue is left uncertain.

The judgment of the lower court rejecting the demand of the plaintiff against the defendant, and that of the defendant against the plaintiff, is, in our opinion, correct.

Judgment affirmed; the plaintiff to pay the costs in both courts.